```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                           TAMPA DIVISION
IN RE:
SARA CARIDAD VIZCAY,

             Debtor.
_____/

ALLSTATE   INSURANCE   COMPANY,   ET
AL.,
             Plaintiffs,
v.                                      Case No.  8:15-mc-122-T-33
                                        Bankr. No.  8:15-bk-4794-CPM
                                        Adversary No. 8:15-ap-690-CPM
SARA CARIDAD VIZCAY,

             Defendant.
_____/
```

### ORDER

This matter comes before the Court pursuant to Plaintiffs, Allstate Insurance Company, Allstate Indemnity Company, Allstate Property and Casualty Insurance Company, Allstate Fire and Casualty Insurance Company, and Allstate Vehicle and Property Insurance Company's Motion to Withdraw the Reference (Doc. # 1), filed on September 16, 2015. As explained below, the Court denies the Motion.

**I. Background**

   **A. The Underlying Litigation**

Allstate sued Dr. Vizcay and seven of her health care clinics (Best Care Medical Center, Inc.; Caleb Health Care, Inc.; Florida Rehabilitation Practice, Inc.; Global Diagnostic Center, Inc.; Personal Medical Center, Inc.; P.V.C. Medical

Center, Inc.; and Regional Enterprises for Health Corporation) in this Court to dispute the payment of No-Fault Personal Injury Protection ("PIP") claims in case 8:11-cv-804-T-17EAJ. During the trial, which was presided over by the Honorable Elizabeth A. Kovachevich, United States District Judge, Allstate argued that the PIP payments were not properly payable to the health care clinics due to fraudulent billing practices and failure to comply with the licensing requirements of the Florida Health Care Clinic Act.

On April 22, 2014, a jury returned verdicts in favor of Allstate. (Doc. ## 510-517). Specifically, the jury found each of the defendants negligently misrepresented material facts, and awarded Allstate $50,000.00 against each defendant. (Id.). The jury also found Dr. Vizcay and each defendant clinic committed fraud and were unjustly enriched. (Id.). With respect to Best Care, the jury awarded Allstate $317,685.98 for fraud, and $158,335.83 for unjust enrichment. (Doc. # 511). For Caleb, the jury awarded Allstate $385,783.57 for fraud, and $62,733.72 for unjust enrichment. (Doc. # 512). For Florida Rehab, the jury awarded Allstate $491,155.46 for fraud, and $375,051.18 for unjust enrichment. (Doc. # 513). For Global, the jury awarded Allstate $198,951.54 for fraud, and $96,508.99 for unjust enrichment.

(Doc. # 514). For Personal Medical Center, the jury awarded Allstate $470,934.79 for fraud, and $101,895.40 for unjust enrichment. (Doc. # 515). For P.V.C., the jury awarded Allstate $120,290.08 for fraud, and $129,855.98 for unjust enrichment. (Doc. # 516). Finally, for Regional, the jury awarded Allstate $161,076.88 for fraud, and $18,482.31 for unjust enrichment. (Doc. # 517).

On August 1, 2014, the court determined that remittitur was appropriate and ordered that Allstate could

> recover the following amounts for their unjust enrichment cause of action:
> 1. $158,335.83 from Best Care Medical Center, Inc. and Dr. Sara C. Vizcay;
> 2. $62,733.72 from Caleb Health Care, Inc., and Dr. Sara C. Vizcay;
> 3. $375,051.18 from Florida Rehabilitation Practice, Inc. and Dr. Sara C. Vizcay;
> 4. $96,508.99 from Global Diagnostic Center, Inc. and Dr. Sara C. Vizcay;
> 5. $101,895.40 from Personal Medical Center, Inc. and Dr. Sara C. Vizcay;
> 6. $129,855.98 from P.V.C. Medical and Dr. Sara C. Vizcay; and
> 7. $18,482.31 from Regional Enterprises for Health Corporation and Dr. Sara C. Vizcay.

(Doc. # 538 at 7). Thus, the jury's award was reduced to $942,863.41 as to the unjust enrichment claims. In addition, the Court "reduced to zero" Allstate's damages for fraud as to "all Defendants." (Id.).

### B.  Dr. Vizcay's Bankruptcy Case

On May 7, 2015, Vizcay filed a petition for relief pursuant to Chapter 7 of the United States Bankruptcy Code. On August 3, 2015, Allstate commenced an adversary proceeding pursuant to 11 U.S.C. § 523(a)(2)(A), seeking an Order that the indebtedness owed to Allstate by Dr. Vizcay in the amount of $942,863.41 (plus interest) be excepted from any discharge that might be granted in Dr. Vizcay's Chapter 7 bankruptcy case. Among other allegations, Allstate indicates in the adversary complaint that "Dr. Vizcay obtained money from Allstate by false pretenses, false representations or actual fraud." (8:15-ap-690 at 1, ¶ 49). Allstate requests that the bankruptcy court "[e]nter a non-dischargeable judgment in favor of Allstate and against Dr. Vizcay pursuant to 11 U.S.C. § 523(a)(2)(A) for the sum of the judgment, $942,863.41" plus sanctions and interest. (Id. at ¶ 50(A)). At this juncture, Allstate seeks an Order withdrawing the reference for the adversary proceeding and thereafter transferring the matter to Judge Kovachevich because she presided over the underlying litigation.

## II.  Analysis

Because the jurisdiction of a bankruptcy court is obtained by referral, a district court may, for cause,

withdraw the reference of a case or proceeding in bankruptcy under 28 U.S.C. § 157(d). That statute provides in pertinent part that "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown."[1]

Although Congress has not defined "cause" in the context of § 157(d), the Eleventh Circuit has remarked that it is not "an empty requirement." See In re Simmons, 200 F.3d 738, 741 (11th Cir. 2000)(citing In re Parklane/Atlanta Joint Venture, 927 F.2d 532, 536 (11th Cir. 1991)). In determining whether sufficient cause exists, "a district court should consider such goals as advancing uniformity in bankruptcy administration, decreasing forum shopping and confusion, promoting the economical use of the parties' resources, and facilitating the bankruptcy process." In re Parklane, 927 F.2d at 536, n.5. Additional factors that a district court may consider in determining whether cause exists for withdrawal of the reference include whether the claim is core or non-core; efficient use of judicial resources; the presence of a jury

---

[1] Section 157(d) also provides for mandatory withdrawal in some instances. However, that portion of the statute is inapplicable to the present action and therefore, the Court need not discuss the possibility of mandatory withdrawal.

-5-

demand; and the prevention of delay. <u>In re Hvide Marine towing, Inc.</u>, 248 B.R. 841, 844 (M.D. Fla. 2000).

Allstate has focused its analysis on the efficient utilization of judicial resources and the avoidance of delay in submitting that discretionary withdrawal of the reference is appropriate. Allstate contends: "Withdrawal of the reference for this adversary proceeding would return the adversary proceeding to the District Court where Allstate spent three years litigating the same issues that support its adversary proceeding, i.e., the debtor's false representations, fraud, and false pretenses." (Doc. # 1 at 6). Allstate also asserts that "[r]eturning the adversary proceeding to the court with particular knowledge of the underlying facts would be in the interest of judicial economy." (<u>Id.</u>).

Upon due consideration of the relevant factors, the Court determines that it is not appropriate to withdraw the reference. "In considering whether to withdraw the reference, a district court should first evaluate whether the claim is core or non-core because questions of efficiency and uniformity depend largely on the character of the proceeding." <u>In re Earnie Haire Ford, Inc.</u>, 8:12-mc-105-T-23, 2012 U.S. Dist. LEXIS 136054, at *1-2 (M.D. Fla. Sept. 24, 2012). It is not disputed that the adversary complaint presents a core claim: "This is a core proceeding through which Allstate seeks

-6-

to have the indebtedness owed by Dr. Vizcay excepted from any discharge she might receive in the bankruptcy case." (Doc. # 1 at 4).  28 U.S.C. § 157(b)(2) lists fourteen types of actions that are core proceedings, and includes the "determination as to the dischargeability of particular debts."

The adversary complaint contains only a single count and is a core matter.  Accordingly, this factor weighs against withdrawing the reference. "A bankruptcy court may hear and determine all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158." In re Ernie Haire Ford, Inc., 2012 U.S. Dist. LEXIS 136054 at *2 (citing 28 U.S.C. § 157(b)); compare Control Ctr., L.L.C. v. Lauer, 288 B.R. 269, 275 (M.D. Fla. 2002)("Since a district court is obligated to review de novo the findings of a bankruptcy court on non-core matters, a determination that a proceeding is non-core weighs in favor of transferring the matter to a district court.").

In addition, the Court finds that denial of the Motion to Withdraw the Reference will promote uniformity in bankruptcy administration and decrease the opportunity for forum shopping and confusion because a single judge, the bankruptcy judge, will decide all of the matters presented in the bankruptcy

case and the adversary proceeding. In addition, while the Court acknowledges Allstate's argument that Judge Kovachevich is most familiar with the facts of the case, it should be noted that the present matter is not assigned to Judge Kovachevich, rather it is assigned to a district judge with no prior experience with the case. And, even if the Court were inclined to transfer the case to Judge Kovachevich, such a transfer would not necessarily conserve judicial resources because it is the bankruptcy court, rather than the district court, that is tasked with the core matter of determining the dischargeability of debts. Rather than conserving judicial resources, the resources of the parties, and preventing delay, a withdrawal of the reference of a core matter, such as the one presented here, would frustrate the goals of Congress and stymie the efficient administration of the bankruptcy case and adversary proceeding.

Finally, the Court notes that the adversary complaint does not contain a jury demand, another factor that weighs against withdrawing the reference. Having determined that all of the relevant factors militate against withdrawal of the reference, the Court denies the Motion.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

1. Plaintiffs, Allstate Insurance Company, Allstate Indemnity Company, Allstate Property and Casualty Insurance Company, Allstate Fire and Casualty Insurance Company, and Allstate Vehicle and Property Insurance Company's Motion to Withdraw the Reference (Doc. # 1) is **DENIED**.

2. The Clerk shall **CLOSE THIS CASE**.

3. The Clerk shall transmit a certified copy of this Order to the United States Bankruptcy Court Clerk's Office.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 17th day of September, 2015.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:
Catherine Peek McEwen, United States Bankruptcy Judge
Clerk, U.S. Bankruptcy Court
Counsel and Parties of Record